UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                           )
UNITED STATES OF AMERICA,   )
                           )
           v.               )   CRIMINAL NO. 95-10046-PBS
                           )   (Related to Civil Action
FRANK BRIMAGE, JR.          )    No. 12-11592-PBS)
           Defendant.       )
_____ )
```

## MEMORANDUM AND ORDER
October 31, 2012

SARIS, U.S.D.J.

### I.  Introduction

Now before this Court is petitioner Frank Brimage's
("Brimage") petition for writ of coram nobis (Docket No. 232).
Brimage, currently a prisoner in custody at FCI Otisville in
Otisville, New York, challenges his conviction in this Court of
being a felon in possession of firearms and ammunition in
violation of 18 U.S.C. § 922(g)(1).  He claims that he is
"actually innocent" of the crime for which he was convicted.

This petition presents another of Brimage's many challenges
to his conviction.  The background is as follows.

On September 27, 1995, Brimage was convicted by a jury of
being a felon in possession of firearms and ammunition.  On
February 1, 1996, this Court imposed a term of imprisonment of
262 months.  See United States v. Brimage, Criminal No. 95-10046-
PBS (Judgment (Docket No. 166)).  Thereafter, this Court denied
Brimage's Motion for a New Trial.  Brimage filed an appeal, and

on July 1, 1997, the United States Court of Appeals for the First Circuit ("First Circuit") affirmed the Judgment of this Court. See United States v. Brimage, 115 F.3d 73 (1st Cir. 1997). Thereafter, on November 6, 1998, he filed a motion to vacate pursuant to 28 U.S.C. § 2255, which also was unsuccessful.[1]  See Brimage v. United States, Civil Action No. 98-12462-PBS.

On January 25, 2005, Brimage filed a second § 2255 motion challenging his conviction.  On October 12, 2005, this Court dismissed the motion because Brimage had not sought leave of the First Circuit to file his second § 2255 motion.  See Brimage v. United States, Civil Action No. 05-11612-PBS.

In addition to these attempts to vacate his conviction, Brimage filed other motions in his criminal case which were not styled as § 2255 motions, seeking to vacate his sentence. Specifically, on July 25, 2005, and again on September 28, 2005, Brimage filed motions pursuant to Rule 60(b) based on newly discovered evidence (Docket Nos. 225 and 226).  In these motions, Brimage challenged his sentence enhancement as an armed career criminal.  On October 3, 2007, this Court issued a Memorandum and Order (Docket No. 227) denying Brimage's request for review of his sentence enhancement under 18 U.S.C. § 924(e), see Docket No.

---

[1]     Brimage alleged that Special Agent Campbell was in the jury room during deliberations, and that his trial counsel rendered ineffective assistance by failing to argue that the government entrapped him into criminal activity.

225, treating his request as a second or successive § 2255 motion.  On March 12, 2012, this Court entered an Electronic Order finding his second request (Docket No. 226) to be moot.

On July 23, 2012, Brimage filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the United States District Court for the Southern District of New York (as the district in which his immediate custodian was located).[2]  See Brimage v. Billingsley, Civil Action No. 12-4576 (LAP).  That action was ordered transferred to First Circuit, as the petition was deemed to be a second or successive § 2255 motion which first required permission from the First Circuit before it could be filed in the District Court.[3]  That action was erroneously transferred to this Court instead of the First Circuit.  On August 13, 2012, this Court issued a Memorandum and Order transferring that case to the First Circuit, as originally ordered.  See Brimage v. United States, Civil Action No. 12-11461-PBS.  On September 27, 2012, the First Circuit denied Brimage's application for leave to file a second or successive petition under § 2255.  See Judgment, Brimage v. United States, No. 12-2000 (1st Cir. Sept. 27, 2012); United States v. Brimage, CR 95-10046-PBS, Judgment (Docket No. 234).

---

[2]  Brimage was attempting to invoke the savings clause of § 2255 in order to bring a § 2241 habeas petition.

[3]  The petition was filed on June 11, 2012 in the Southern District of New York.

Before the First Circuit's ruling, on August 22, 2012, Brimage filed the instant petition for writ of coram nobis, along with a copy of the Indictment and portions of the trial transcript.[4]  In his petition, he contends that the government impermissibly constructively-amended the Indictment during trial by broadening the possible basis for the conviction to include ammunition and firearms that were not charged in the Indictment (*i.e.*, a .38 caliber handgun, .38 caliber ammunition, and a .32 caliber handgun).  He claims the Indictment only alleged possession of a Llama .380 caliber semi-automatic pistol and Winchester .380 caliber ammunition.  Put another way, he claims that the government alleged that he possessed different firearms and ammunition during trial -- an allegation that was not a matter put before the grand jury.  He therefore claims his constitutional rights have been violated.  He further contends that he did not raise this issue sooner because he was not aware of it until now, and he should not be penalized for his tardy discovery.  He seeks coram nobis relief on the grounds that, although it is and extraordinary tool to correct legal and factual errors, it should be applied here where there was a fundamental error in his criminal case.

---

[4]On September 13, 2012, Brimage re-filed his coram nobis pleadings.  <u>See</u> Letter (Docket No. 233).

## II. Discussion

A writ of coram nobis is a common-law remedy used to correct errors of fact, and a petition for the writ brings before the court that rendered the judgment under attack matters of fact which, if known at the time of judgment, would have prevented its rendition.[5]  See Spaulding v. United States, 155 F.2d 919, 921 (6th Cir. 1946).  Although writs of coram nobis (and audita querela) have been formally abolished in civil cases, see Fed. R. Civ. P. Rule 60(b), courts have held that the All Writs Act, 28 U.S.C. § 1651,[6] preserved the use of both of these writs in very limited circumstances with respect to criminal convictions.  Tran v. United States, 45 F. Supp. 2d 157, 159-60 (D. P.R. 1999); see United States v. Morgan, 346 U.S. 502, 506 n.4 (1954); see also United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991).  "[T]he writ of coram nobis is an unusual legal animal that courts will

---

[5]   Coram nobis is used to attack a judgment that is infirm at the time it was rendered for reasons which later are discovered, as compared with a petition for writ of audita querela, which is used to attack a judgment that was correct at the time it was rendered but is rendered infirm by matters that arise after its rendition.  Tavares v. Massachusetts, 59 F. Supp. 2d 152, 154 (D. Mass. 1999). (citing United States v. Reyes, 945 F.2d 862 (5th Cir. 1991)).

[6]   The All Writs Act provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a).

use to set aside a criminal judgment of conviction only 'under circumstances compelling such action to achieve justice.'  Those circumstances include an explanation of why a coram nobis petitioner did not earlier seek relief from the judgment; a showing that the petitioner continues to suffer significant collateral consequences from the judgment; and a demonstration that an error of 'the most fundamental character' ... occurred." Hager v. United States, 993 F.2d 4, 5 (1st Cir. 1993)(quoting Morgan, 346 U.S. at 511-12).  See Barreto-Barreto v. United States, 551 F.3d 95, 103 (1st Cir. 2008); United States v. Sawyer, 239 F.3d 31, 38 (1st Cir. 2001)(discussing history of coram nobis relief).  The United States Supreme Court has reiterated the notion that coram nobis relief may be used only in extraordinary and compelling circumstances.  See United States v. Denedo, 566 U.S. 904, 915 (2009)("No doubt, judgment finality is not to be lightly cast aside; and courts must be cautious so that the extraordinary remedy of coram nobis issues only in extreme cases.").

In the First Circuit, a three-part test is employed as a guideline in determining whether coram nobis relief is proper.  A petitioner "must explain his failure to seek earlier relief from the judgment, show that he continues to suffer significant collateral consequences from the judgment, and demonstrate that the judgment resulted from an error of the most fundamental

character." <u>United States v. George</u>, 676 F.3d 249, 254 (Apr. 17,
2012). "A case-by-case approach is preferable, with each
decision about whether to grant or deny the writ ultimately
residing in the court's sound discretion. Even if the test is
satisfied, the court retains discretion over the ultimate
decision to grant or deny the writ." <u>Id.</u> at 255. In a coram
nobis action, the district court must presume that the underlying
criminal proceedings were correct; the petitioner bears the
burden to show otherwise. <u>Morgan</u>, 346 U.S. at 512.

In this case, Brimage's assertion he is entitled to coram
nobis relief fails for a number of reasons. First and foremost,
coram nobis relief is only available <u>if the petitioner is no</u>
<u>longer in custody on the challenged sentence</u>. <u>Trenkler v. United</u>
<u>States</u>, 536 F.3d 85, 98 (1st Cir. 2008) <u>cert.</u> <u>denied</u> 129 S.Ct.
1363 (2009)("... the writ of error coram nobis, in its modern
form, is ordinarily available only to a criminal defendant who is
no longer in custody.");[7] <u>Sawyer</u>, 239 F.3d at 37. <u>See</u> <u>United</u>
<u>States v. Wheeler</u>, 242 F.3d 385 (9th Cir. 2000)(unpublished
decision)(coram nobis relief is available to a petitioner who has
fully served his sentence but suffers from lingering collateral
consequences as a result of an unlawful conviction). Here,
Brimage is still serving his federal sentence. This fact is

---

[7]    <u>Trenkler</u> indicated that coram nobis proceedings are
ancillary to criminal cases, and are appealable as <u>civil</u> matters.
<u>Trenkler</u>, 536 F.3d at 94-95.

fatal to Brimage's petition.

Second, a writ of coram nobis is not available where other remedies exist, such as a motion to vacate under Section 2255 or a habeas petition under Section 2241.  <u>Tavares v. Massachusetts</u>, 59 F. Supp. 2d 152, 155 (D. Mass. 1999).  It is also not available where other remedies would have existed "but for" the failure to raise the attack in a timely fashion, or where the attack is restricted as second or successive; the limitations provided in 28 U.S.C. § 2255 may not be evaded by the recourse to the general writ of coram nobis.  <u>Rivera-Martinez v. Ashcroft</u>, 389 F.3d 207, 209 (1st Cir. 2004); <u>United States v. Barrett</u>, 178 F.3d 34, 54 (1st Cir. 1999)(writ of coram nobis may not be used to circumvent the clear congressional directive embodied in the "second or successive" provisions of § 2255).  <u>See</u> <u>Daniels v. United States,</u> 532 U.S. 374 (2001)(prior conviction used to enhance a federal sentence under Armed Career Criminal Act is not open to collateral attack in its own right where defendant failed to pursue those remedies while they were available; defendant is without recourse).

Here, Brimage has pending his § 2241 petition that was transferred to the First Circuit as a successive § 2255 motion. Further, Brimage has not shown that he cannot seek permission from the First Circuit to file a successive § 2255 motion based on his claims of "constructive amendment" to the Indictment.  In

light of this, the Court cannot find that extraordinary relief
such as a writ of coram nobis is warranted.

Third, Brimage has not shown adequately a justification for
raising his asserted claim of constructive amendment earlier.
There is no "new evidence" which would have had to have been
discovered in order to raise this claim in a direct or collateral
challenge.  The mere general assertion that this information had
just become known to him is not sufficient.  See Strassini v.
United States, 2009 WL 3698405,* 3 (W.D.N.C. 2009)(holding that
petitioner failed to demonstrate sound reasons for his failure to
seek appropriate relief earlier and offered no justification for
a six-year delay in bringing his petition; general assertion that
it had just become fully known did not provide an adequate
explanation) citing Foreman v. United States, 247 Fed. Appx. 246,
248 (2d Cir. 2007)(finding no "sound reason" had been presented
for a six-year delay in raising challenges, such as mental
incompetence or other factors justifying the delay).  See also
United States v. Grooms, 2009 WL 1543450, * 1 (E.D. Mich.
2009)(rejecting coram nobis request noting that, although
petitioner only recently learned of ground for legal challenge,
18-years had lapsed since entry of judgment, and "the means for
this discovery have long been at [petitioner's] disposal");
Calvert v. United States, 2007 WL 160918 (E.D.N.Y.
2007)(rejecting claim of recent discovery of defect in alleged

criminal complaint as ground for coram nobis relief, noting that
the complaint was available to petitioner when he was charged, at
trial, throughout his appeal, and when he filed two prior
collateral attacks).

Here, it has been roughly 15 years since Brimage's
conviction.  As outlined above, he has made numerous attempts for
relief from his conviction and sentence.  The Court considers
that he has had ample opportunity to discover his legal claim, if
he had used due diligence.  As this Court previously has held,
"it is not the date that the [petitioner] claims to have actually
learned of his potential legal challenge that controls; it is the
date that the facts underlying the claim were known, or should be
known, to the petitioner."  United States v. Bucci, 2009 WL
2489171, *7 (D. Mass. 2009) citing Trenkler, 536 F.3d at 99.  See
Barreto-Barreto, 551 F.3d at 102-03 (petitioner must explain
adequately the failure to seek relief earlier).

Finally, Brimage's assertion of "actual innocence" in order
to invoke coram nobis relief is not a claim of "factual"
innocence, but rather it is one of legal innocence.  In light of
this, and indeed, in light of all of the above, this Court cannot
find that the extraordinary remedy of coram nobis relief is
warranted in Brimage's case, as there are no compelling reasons
for such relief and no fundamental miscarriage of justice would
result in a denial of such relief.

Accordingly, the petition for writ of coram nobis will be
DENIED and this action will be DISMISSED in its entirety, *sua
sponte*.

### III.  Conclusion

Based on the forgoing, it is hereby Ordered that:

1.   Petitioner Brimage's petition for writ of coram nobis
     (Docket No. 232) is DENIED;

2.   This action is DISMISSED in its entirety;

3.   Civil Action No. 12-11592-PBS shall be DISMISSED;[8] and

4.   A courtesy copy of this Memorandum and Order shall be
     transmitted to the First Circuit Clerk's Office.


SO ORDERED.

                              /s/ Patti B. Saris
                              PATTI B. SARIS
                              United States District Judge

---

[8]     The petition for writ of coram nobis was opened as a
civil action pursuant to standard Clerk's Office procedures, for
administrative and statistical purposes.

11